IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHARLOTTE MACBAGITO, | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-25-01556 |
| PENTAGON FEDERAL CREDIT UNION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Charlotte MacBagito, who is self-represented, filed this complaint against Defendant Pentagon Federal Credit Union ("PenFed"), for claims relating to her brief employment with and eventual termination from PenFed. ECF 1. PenFed filed a motion to dismiss the complaint, citing both *res judicata* and failure to state a claim. ECF 14. Plaintiff opposed the motion and docketed several other filings related to the motion, ECF 17, 20, 21, and PenFed filed a reply, ECF 23. Plaintiff also filed a request, ECF 18, for this Court to defer ruling until the United States District Court in the Eastern District of Virginia rules on a pending motion in a near-identical case she filed there; PenFed opposed this request, ECF 25.[1] This Court has carefully reviewed all of the filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court has also determined that there is no reason to defer ruling. For the reasons stated herein, PenFed's motion to dismiss will be granted.

---

[1] Plaintiff also filed a Motion for Leave to Begin Discovery, ECF 19, which will be denied as this case cannot proceed, a motion for leave to file sur-reply, ECF 26, which will be denied as procedurally unwarranted, and a motion to strike defendant's improper personal attacks, ECF 27, which will be denied because the statements in question constituted proper zealous advocacy.

1

**I.     BACKGROUND**

The relevant facts are derived from Plaintiff's Complaint, ECF 1, along with the docket entries in this Court and in the prior federal proceedings.[2] Plaintiff's Complaint alleges that she held a senior leadership role (presumably, as "Director of Commercial Lending Operations") at PenFed on unspecified dates.[3] *Id.* ¶¶ 9, 11. Plaintiff was abruptly terminated shortly after taking approved bereavement leave. *Id.* ¶¶ 12, 13. PenFed offered "inconsistent and ever-changing reasons" for Plaintiff's termination. *Id.* ¶ 14. Additionally, PenFed "disseminated false, malicious information about Plaintiff to NCUA [the National Credit Union Administration] and other third parties, falsely implying misconduct and thereby irreparably damaging Plaintiff's career." *Id.* ¶ 15. Plaintiff asserts that she suffered damages including loss of past and future income and employment benefits, emotional distress, and reputational damage. *Id.* at 4, 5.

On May 27, 2022, Plaintiff filed a complaint, in a self-represented capacity, against PenFed in the United States District Court for the Eastern District of Virginia, Civ. No. 1:22-cv-00623-PTG-WEF ("the 1st Case"). ECF 14-2. That complaint asserted claims for breach of contract and wrongful discharge based on race and sex, along with alleged violations of Title VII and relevant whistleblower protection statutes. *Id.* Plaintiff then retained an attorney who filed a series of amended complaints. ECF 14-3, 14-4, 14-5. The third and final amended complaint asserted claims for hostile work environment, retaliation, and gender discrimination under Title VII. ECF 14-5. It also asserted common law retaliatory discharge for an alleged refusal by Plaintiff to submit altered

---

[2] For purposes of resolving a motion to dismiss on the grounds of res judicata, courts may take judicial notice of facts from a prior judicial proceeding where, as here, the res judicata defense raises no disputed issue of fact. *Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006).

[3] The dates are unspecified because Plaintiff's complaint did not fill in apparent placeholders saying "[Start Date]" and "[Termination Date]." Filings in prior cases indicated that Plaintiff worked at PenFed between November 2020 and January 2021. *See* ECF 14-5 ¶¶ 10 & 45; ECF 14-17 ¶ 10.

documents to the National Credit Union Administration ("NCUA") and a claim of retaliation asserting that Plaintiff had been fired for reporting "possible violation of laws and regulations" by PenFed to NCUA. *Id.*

Discovery in the 1st Case did not go smoothly. Plaintiff's attorney, pursuant to the Virginia Rules of Professional Conduct, sought to withdraw, citing a "conflict" with Plaintiff "result[ing] in a breakdown in communications." ECF 14-6. The court granted the motion to withdraw. ECF 14-7. Thereafter, PenFed sought discovery sanctions against Plaintiff for a series of violations. ECF 14-8. The court granted the motion, expressly finding that "Plaintiff acted in bad faith in that Plaintiff willfully failed to comply with the court's June 9, 2023 Order and did so with the intent to deprive Defendants of properly discoverable information." ECF 14-9. To effectuate appropriate sanctions, following a hearing, the court later issued another order judicially establishing twenty-three facts relating to Plaintiff's lack of qualifications for her position with PenFed, precluding Plaintiff from introducing evidence on a series of topics, and awarding PenFed a significant sum in attorney's fees. ECF 14-10.

Two days later, in light of those rulings and the impact of the judicially established facts on Plaintiff's legal claims, the court entered summary judgment in favor of PenFed as to all claims on September 7, 2023. ECF 14-11. The summary judgment order stated, "This is a final Order for the purposes of appeal." *Id.* Plaintiff filed an appeal, but the Fourth Circuit affirmed the order and judgment on April 15, 2024. ECF 14-13.

Even before the appellate ruling, Plaintiff filed another lawsuit, No. 1:24-cv-31-PTG-WEF) ("the 2nd Case") against PenFed in the Eastern District of Virginia on January 8, 2024. ECF 14-15. The claims again arose out of Plaintiff's employment and termination with PenFed. *Id.* On May 17, 2024, the court dismissed the 2nd Case *sua sponte* under 28 U.S.C. § 1915(e)(2)(B),

3

finding the claims to be barred by the doctrine of *res judicata*. Ex. 14-16. The court explained that the claims were filed by the same plaintiff against the same defendant and "derive from the same sequence of events that this Court considered and dismissed upon a motion for summary judgment on September 7, 2023 in another action." *Id.* Plaintiff did not appeal the dismissal of the 2nd Case.

Instead, months later, Plaintiff again sued PenFed in the Eastern District of Virginia, No. 1:25-cv-137 (PTG/WBP) ("the 3rd Case"), on January 24, 2025. ECF 14-17. Once again, the complaint included discrimination and retaliation claims, but also added a claim that PenFed made "defamatory statements to the NCUA and others regarding Plaintiff's professional reputation and fitness for employment . . . causing harm to Plaintiff's personal and professional reputation and inflicting emotional distress." *Id.* On April 9, 2025, the court dismissed the 3rd Case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) because *res judicata* barred Plaintiff's claims. ECF 14-18. While the order acknowledged that MacBagito had not previously asserted a defamation claim, the court found that it (along with the other claims in the Complaint) "derive[d] from the same sequence of events that this Court considered and dismissed upon a motion for summary judgment on September 7, 2023, in another action" and was therefore barred by *res judicata. Id.* Plaintiff again did not file an appeal, but she has filed a motion for reconsideration and a motion to transfer the case to this district; both motions remain pending. ECF 14-19, 14-20.

However, instead of awaiting the ruling on the motion to transfer, on May 14, 2025, Plaintiff filed the instant action against PenFed in this Court ("the 4th Case" or "the instant case"). The 4th Case asserts the same claims as the 3rd Case but adds a claim for "tortious interference with prospective economic advantage." *Id.* The instant motion to dismiss ensued.

4

## II.     RES JUDICATA

Because the prior judgment at issue was entered in a federal case (the summary judgment ruling in the 1st Case), federal rules of *res judicata* apply. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."); *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). *Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *See id.* at 354–55.

Here, Plaintiff cannot dispute that the 1st Case, which she also brought against PenFed, culminated in a summary judgment ruling in PenFed's Favor. "For purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits." *Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 n.3 (4th Cir. 1984) (citations omitted). Because the summary judgment decision is a final judgment on the merits, the first and third requirements of *res judicata* are met.

As to the second question, cases involve the same "cause of action" if they "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)) (internal citations omitted in *Pueschel*). Even if, as here, a plaintiff invokes a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim

resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Env't. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal quotations omitted). Notably, *res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated in that proceeding. *Pueschel*, 369 F.3d at 355–56. Despite the addition of the new defamation and tortious interference claims, then, Plaintiff's claims against defendant PenFed arise out of the same operative facts presented in her 1st Case and, thus, the second factor is met.[4]

In sum, because the face of the complaint establishes that Plaintiff is attempting to re-litigate the merits of a prior case by filing an identical action against the same party in the earlier suit, *res judicata* necessarily bars the present lawsuit. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005).

### III.   CONCLUSION

For the reasons set forth above, PenFed's motion to dismiss the complaint, ECF 14, will be granted and Plaintiff's motions, ECF 19, 26, 27, will be DENIED. Plaintiff's claims will be DISMISSED WITH PREJUDICE as barred by *res judicata*. A separate Order follows.


Dated: October 17, 2025                                              /s/

                                                                            Stephanie A. Gallagher
                                                                            United States District Judge

---

[4] Plaintiff suggests, in her briefing, that her complaint is based on facts "from late 2023 to 2025" that post-date the 2023 judgment and appeal. ECF 17 at 25. Her complaint, however, contains no such factual allegations.